UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD T. SMITH,

        Plaintiff,

                                            File No.  1:10-CV-14

v.

                                            HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                       /

**MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This action comes before the Court on Plaintiff Richard T. Smith's objections to the Magistrate Judge's June 3, 2011, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") be affirmed.  (Dkt. No. 13, R&R; Dkt. No. 14, Obj.)  This Court is required to make a *de novo* review upon the record of those portions of the R&R to which objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff, through counsel, has raised four objections to the R&R.  Plaintiff's first objection is that the administrative law judge ("ALJ") did not give sufficient weight to Plaintiff's low Global Assessment of Function ("GAF") scores in assessing whether Plaintiff

met or equaled Listing 12.04 and that the Magistrate Judge was also too cavalier in his dismissal of the GAF scores. The ALJ considered the GAF scores at length and determined that they were contradicted by other evidence in the record. Upon *de novo* review, the Court agrees with the Magistrate Judge that the ALJ's finding that the GAF scores were entitled to little weight is well-reasoned and supported by more than substantial evidence. Moreover, the R&R correctly notes that the ALJ was not required to give any weight to the subjective GAF scores, particularly those supplied by Plaintiff's social workers.

Plaintiff's second objection is that the R&R did not address the ALJ's failure to include the loss of function represented by Plaintiff's low GAF scores in the hypothetical question posed to the vocational expert. In order for the ALJ to rely on the vocational expert's testimony in response to a hypothetical question, the hypothetical question must accurately portray the claimant's physical and mental impairments. *Ealy v. Comm'r*, 594 F.3d 504, 516 (6th Cir. 2011); *see also Webb v. Comm'r*, 368 F.3d 629, 633 (6th Cir.2004) (noting that the hypothetical should provide the vocational expert with the ALJ's assessment of the what the claimant "can and cannot do."). In light of the ALJ's determination that Plaintiff's GAF scores were arbitrarily low and inconsistent with the record as a whole, he was not required to include them in his hypothetical. The ALJ's residual functional capacity ("RFC") determination included mental limitations (A.R. 19), and those limitations were adequately included in the hypothetical posed to the vocational expert (A.R. 643-44).

Plaintiff's third objection is based on his perception that the Magistrate Judge's analysis seems to be based on the concept that if a claimant uses or has used illegal drugs he is a bad man and disability benefits should be denied him irregardless of the effects of other impairments. Plaintiff mischaracterizes the R&R. The R&R included a discussion of Plaintiff's drug and alcohol abuse, not to show that he was a bad person, but because it was relevant to Plaintiff's credibility and the reliability of his test results. Furthermore, as correctly explained in the R&R, Plaintiff's assertion that the ALJ should have found that his drug and alcohol use was not material is incorrect because the materiality of his drug and alcohol use is irrelevant where a claimant has not been found to be disabled. (R&R 9 n.3.)

Finally, Plaintiff objects to the Magistrate Judge's failure to conclude that the ALJ should have contacted Dr. Shaird for more complete medical records. Plaintiff's objection lacks merit because it is Plaintiff's responsibility to provide medical evidence showing that he is disabled. 20 C.F.R. § 404.1512(c). As noted in the R&R, Plaintiff elected not to submit any records from Dr. Shaird in support of his claims for DIB and SSI. (R&R 24.) Accordingly, the Commissioner's responsibility to "recontact" medical sources under 20 C.F.R. § 404.1512(e) did not come into play.

Upon *de novo* review, the Court concludes that the R&R accurately recites the facts and correctly applies the pertinent law. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the June 3, 2011, R&R (Dkt. No. 14) are **OVERRULED**.

3

**IT IS FURTHER ORDERED** that the June 3, 2011, R&R (Dkt. No. 13) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits and supplemental security income benefits is **AFFIRMED**.


Dated: August 4, 2011                              /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE